IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES JERMAINE DAVIS,

    Plaintiff,

v.

SANDRA ASHTON, *et al.*,

    Defendants.

OPINION and ORDER

15-cv-268-slc

In this pro se civil rights lawsuit, plaintiff James Davis is proceeding on several claims that various employees at the Columbia Correctional Institution violated his constitutional rights. Defendants have moved for summary judgment on the ground that all of Davis' claims must be dismissed because he failed to exhaust his prison administrative remedies before filing this lawsuit. (Dkt. 23.) I am denying the motion because I conclude that defendants have not met their burden of proving that plaintiff failed to exhaust. Additionally, I am denying defendants' related motion to stay deadlines for disclosure of expert witnesses and dispositive motions, as defendants' only basis for the motion to stay was the possibility that their exhaustion motion would be granted. (Dkt. 49.) Finally, I am denying plaintiff's pending motion for assistance in recruiting counsel. (Dkt. 45).

OPINION

I.    **Exhaustion of Plaintiff's Federal Claims**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

are exhausted." Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The 14-day deadline can be waived for extended for good cause. *Id.* If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, then the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. *Id.* § 310.12. If an inmate disagrees with the decision of the reviewing authority, then he may appeal. *Id.* § 310.13. If the

institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6).

Plaintiff was granted leave to proceed on claims that (1) Sandra Ashton retaliated against him by issuing false conduct reports; (2) defendants Ashton, Swenson, Kophamer and Rataczak used excessive force against him on October 29, 2013; (3) defendants Anderson, Pitzen and Schneider failed to intervene to prevent the excessive force; and (4) on that same day, defendant Dr. Kerch was deliberately indifferent to his serious medical needs and negligent under state law.

**A. Inmate Complaints Alleging Retaliation by Defendant Ashton**

Defendants contend that plaintiff failed to timely file any inmate complaint alleging that defendant Ashton retaliated against him. Defendants point to two inmate complaints that plaintiff filed alleging retaliatory actions by Ashton – CCI-2013-15809 and CCI-2013-17167. (Dkt. 25-2, 25-3.) In those complaints, plaintiff had alleged that Ashton retaliated against him by delivering his Ramadan bag meal with the food items removed from their individual wax bags and by messing with property in his cell. Defendants argue that because these inmate complaints were properly dismissed as untimely by the ICE, plaintiff's retaliation claims against Ashton should be dismissed for failure to exhaust his administrative remedies.

As plaintiff points out in his opposition materials, however, he is not proceeding in this case on retaliation claims based on the allegations in the two inmate complaints referenced above. Rather, the basis for his retaliation claims in this case is that Ashton filed false conduct reports against him in retaliation for those, and other, previous inmate complaints he had filed. Moreover, as plaintiff points out, Wisconsin's inmate complaint procedures *prohibit* inmates

3

from using the grievance system to complain about a conduct report. Specifically, under Wis. Admin. Code § DOC 310.08(2)(a), an inmate may not use the ICRS to raise "[a]ny issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." As this court has explained, if an issue "is related to a conduct report, the inmate must raise it at the time of his disciplinary hearing and again on appeal to the warden, assuming the matter is not resolved at the disciplinary hearing stage." *Lindell v. Frank*, No. 05 C 003 C, 2005 WL 2339145, at *1 (W.D. Wis. Sep. 23, 2005). If an inmate does exhaust the disciplinary process, the inmate may only use ICRS to appeal *procedural* errors. *Id.* § DOC 310.08(3); 308.82(4).

In his opposition materials, plaintiff submitted evidence that he did, in fact, make arguments at his disciplinary proceedings and on appeal regarding defendant Ashton's alleged retaliatory motives in issuing conduct reports against him. He also submitted evidence that he exhausted his ability to challenge the disciplinary decisions by appealing to the warden. He did not return to ICRS to challenge Ashton's retaliatory motives because her alleged motives were not "procedural" errors that could be raised through the ICRS. Taken as a whole, plaintiff's evidence directly refutes defendants' argument that he failed to exhaust his administrative remedies.

Surprisingly, defendants' reply brief ignores completely plaintiff's arguments and evidence on this issue. Instead, defendants offer only two sentences addressing plaintiff's retaliation claims against Ashton and repeat their conclusion that the court should dismiss those claims. (Dfts.' Reply, dkt. 47, at 3.) However, for the reasons just explained, defendants have not met their burden of proving that plaintiff failed to exhaust his administrative remedies with respect

4

to his claims against Ashton. Accordingly, defendants' motion with respect to those claims will be denied.

**B. Inmate Complaints Regarding the Events of October 29, 2013**

Plaintiff's remaining claims (excessive force, failure to intervene, and denial of medical care) all concern events that occurred on October 29, 2013. Defendants argue in their opening brief that plaintiff filed only *one* inmate complaint — CCI-2014-926 — concerning the October 29 events. In CCI-2014-926, plaintiff alleged that staff used excessive force while responding to his suicide attempt and that medical staff did not treat his injuries caused by the excessive force. (Dkt. 25-4.) Plaintiff filed that inmate complaint on January 10, 2014, more than two months after the alleged violations. The inmate complaint was rejected as untimely because it was beyond the 14-day deadline for submitting complaints set forth in Wis. Admin. Code § DOC 310.09. Defendants argue that because plaintiff filed only one untimely complaint, his claims must be dismissed for failure to exhaust his administrative remedies.

As with plaintiff's reatliation claims against Ashton, plaintiff's opposition materials provide a much more complete picture of plaintiff's attempts to exhaust his administrative remedies with respect to his claims arising from the October 29 incident. In his declaration, plaintiff states that he filed several inmate complaints concerning the October 29 events, starting on November 3, 2013. Plaintiff states that his November 3 complaint was returned to him by the ICE on November 5, however, with instructions to first attempt to resolve the issue by contacting his unit manager, David Melby. Plaintiff states that after his complaint was returned, he wrote to Melby on November 5.

By November 18, plaintiff still had not received any response from Melby, so he submitted a new inmate complaint regarding the October 29 incident. (Dkt. 43-1 at 4.) That complaint was also returned by the ICE. The letter from the ICE returning the complaint states, "Your attempted filing is being returned to you a second time for the reason(s) cited in the ICE return letter previously sent to you. If you again attempt to file without following the direction(s) in that letter, this office will not respond and your submissions will not be returned to you." (Dkt. 43-1 at 7.)

Plaintiff states that on November 23, 2013, he made a second attempt to resolve the issue by writing to Melby. After waiting and receiving no response from Melby, plaintiff resubmitted his inmate complaint to the ICE on December 8, 2013. Plaintiff heard nothing from the ICE, so he wrote to Melby's supervisor, Security Director Lucas Weber, on December 20. Then, on December 31, 2013, he filed yet another inmate complaint regarding the October 29 incident. This inmate complaint was received and assigned as CCI-2014-239. (Dkt. 43-1 at 11.) In the complaint, plaintiff requested that it be accepted on its merits because he had been attempting to resolve the issue with Melby but Melby had failed to respond.

A couple of days later, on January 2, Melby responded to plaintiff in writing regarding the October 29 incident, stating that he found no merits in plaintiff's complaints. (Dkt. 43-1 at 15.) Plaintiff submitted Melby's response to the ICE but the ICE ultimately rejected CCI-2014-239 as untimely. (Dkt. 43-1 at 18.) The ICE noted in its rejected that plaintiff had not shown good cause for the late filing and that his allegations that he had been waiting for a response from Melby were "untruthful." (*Id.*)

Plaintiff filed one final inmate complaint regarding the October 29 incident on January 10, 2013. (This was the one and only inmate complaint defendants mention in their initial brief in support of summary judgment.) That complaint was also rejected as untimely.

In reply to all of the evidence and explanation provided by plaintiff, defendants argue in their reply brief that there is still no evidence that plaintiff exhausted his administrative remedies with respect to his claims concerning the October 29 incident. And even if there was some evidence, they argue, there are disputed issues of fact that must be resolved at an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

I disagree with defendants. Assuming everything in plaintiff's declaration is true, he has shown that he exhausted all of the administrative remedies that were available to him. Specifically, he initiated the grievance process by filing a timely inmate complaint on November 3. Defendants suggest that there is no evidence to support plaintiff's claim that he actually filed the November 3 inmate complaint. (Plaintiff did not submit a copies of the November 3 complaint, stating that the documents were "lost.") Defendants are mistaken: plaintiff's own declaration is admissible evidence, as is the ICE's response to plaintiff's subsequent November 18 inmate complaint. In that response, the ICE stated it was returning his complaint for a "*second time*," for the same reasons provided previously. Thus, despite defendants' arguments to the contrary, the *only* plausible explanation is that plaintiff had previously attempted to file an inmate complaint regarding the October 29 incident.

Plaintiff then proceeded to write Melby multiple times, as well as file several more inmate complaints. Each time, his complaints were either rejected or returned. Again, defendants argue that plaintiff's claims of contacting Melby are "suspect," but defendants offer no contrary

7

evidence. For example, defendants did not submit a declaration from Melby denying that he had been contacted by plaintiff. Thus, despite defendants' arguments to the contrary, there is no "genuine dispute of material fact" regarding whether plaintiff attempted to contact Melby or whether plaintiff filed multiple inmate complaints regarding the October 29 incident. Instead, the un-controverted evidence submitted by plaintiff suggests that plaintiff made diligent efforts to exhaust his administrative remedies.

The Seventh Circuit has stated on multiple occasions that prison officials cannot take unfair advantage of the exhaustion requirement by failing to respond to grievances, or otherwise taking actions that prevent a prisoner from exhausting. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Here, the undisputed facts show that plaintiff was attempting to exhaust by resolving his grievances with Melby as he had been instructed and by refiling with ICRS when informal resolution was unsuccessful. This is not a case in which the prisoner has failed to provide proper notice, brazenly disregarded prison rules or slept on his rights. *Woodford v. Ngo*, 548 U.S. 81, 88–89, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (dismissal for prisoner's failure to "properly" exhaust is necessary to "discourag[e] disregard of the agency's procedures"). Rather, plaintiff seems to have tried conscientiously to resolve his complaint in accordance with prison procedures. Accordingly, I conclude that defendants have failed to meet their burden to show that plaintiff failed to comply with § 1997e(a). *See Hudson v. Radtke*, No. 08-CV-458-BBC, 2009 WL 1597259, at *4 (W.D. Wis. June 5, 2009) (denying dismissal on exhaustion grounds where inmate was told do, and attempted to, resolve grievance through "the chain of command" before filing an inmate complaint).

8

II.   **Plaintiff's Motion for Assistance in Recruiting Counsel**

Plaintiff has asked for court assistance in recruiting counsel. He states that he needs counsel because (1) his case is complex; (2) he has no high school or legal education; and (3) he has been transferred from the institution at which the events occurred, which has made obtaining discovery and evidence more difficult. Plaintiff has shown that he made reasonable attempts to recruit counsel on his own by contacting several lawyers who have declined to represent him in this matter. Nonetheless, I will not attempt to recruit counsel for plaintiff at this time. Although plaintiff's case is somewhat complex, given the multiples claims, defendants and potential medical issues involved, plaintiff has demonstrated that he is very capable of understanding the relevant legal and factual issues. His submissions in opposition to defendants' summary judgment on exhaustion were more thorough – both legally and factually – than the defendants' own submissions which were prepared by counsel. Further, he has demonstrated his ability to obtain discovery and to seek relief from the court when he needs additional time or assistance. At this stage, then, I am not persuaded that the complexities of this case exceed plaintiff's ability to litigate it. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (setting forth standard for appointment of counsel). As this case progresses to summary judgment or trial, I will reevaluate whether I think plaintiff can litigate it on his own. For now though, I am denying plaintiff's motion without prejudice.

ORDER

1. Plaintiff James Davis's motion for leave to file a sur-reply (dkt. 48) is DENIED as unnecessary.

2. Defendants' motion for summary judgment for failure to exhaust administrative remedies (dkt. 23) is DENIED.

3. Defendants' motion to stay deadlines (dkt. 49) is DENIED.

4. Plaintiff's motion for assistance in recruiting counsel (dkt. 45) is DENIED without prejudice.

Entered this 20th day of December, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge