IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES JERMAINE DAVIS,

        Plaintiff,

v.

MICHAEL MEISNER, *et al.*,

        Defendants.

OPINION and ORDER

Case No. 15-cv-268-slc

*Pro se* plaintiff James Davis is proceeding in this case on (1) Eighth Amendment claims against prison officers at Columbia Correctional Institution related to how they handled his cell removal and medical care following a suicide attempt, and (2) a First Amendment claim against defendant Sandra Ashton related to her issuance of conduct reports. Defendants filed a motion for summary judgment. (Dkt. 52.) Plaintiff filed materials in opposition to that motion, and he separately filed a motion asking that I (1) deny defendants' motion, (2) strike the declaration of defendant Sandra Ashton, and (3) sanction defendants for Ashton's alleged failure to admit a certain fact in response to his discovery requests. (Dkt. 79.) As defendants concede that Davis submitted sufficient disputed material facts to warrant a trial as to both claims (dkt. 86) and my review of the parties' submissions leads me to the same conclusion, I will deny defendants' motion for summary judgment without further discussion and issue a trial preparation order for Davis to use as a roadmap as he prepares for the July 31, 2017, trial.[1] For the reasons that following briefly, I am denying plaintiff's motion.

Because I am denying defendants' motion, Davis's first request is moot. As to his second and third requests, Davis has not established that sanctions are appropriate. Under Fed. R. Civ. P.

---

[1] Defendants also report that they are troubled by Davis's evidentiary submissions in opposition to their motion. Defendants are reviewing them to determine whether Davis submitted false representations egregious enough to warrant a defense request for sanctions or a referral to the United States Attorney. Duly noted. This court does not intend to address this matter further absent a motion requesting court action.

37(c)(2), the court may issue sanctions "[i]f a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true." Davis claims that he requested Ashton "to admit that on July 17, 2013, Ashton was aware and knew that Davis reported her to her supervisor Lt. Morrison regarding the way she had given him his meal bag in disarray," and that her denial in response was false. In support, Davis cites to the conduct report Ashton issued about that incident as well as witness statements that Ashton and Lt. Morrison submitted related to that conduct report (Davis Decl., Exhs. F, H, I, dkts. 69-4, 69-6, 69-7.) In the conduct report signed by Ashton, she wrote that during their interaction on July 17, her supervisor was present and "Davis began claiming that staff had removed all the meal contents from the wax bags and 'dumped' them all together." *(Id.* at 69-4, at 1.) The witness statements indicate that Ashton "was able to hear [Davis] speaking to the supervisor regarding his meal bag." *(Id.* at 69-7, at 2.)

These documents do not prove that Ashton knew that Davis was complaining about *her* in particular. They only establish that Ashton heard Davis complain to her supervisor about how *staff* had given him his meal bag. Davis may cross-examine Ashton about this matter at trial, but that's it. Davis has not made his case for sanctions.

ORDER

IT IS ORDERED that defendants' Motion for Summary Judgment (dkt. 52) and plaintiff James Davis's motion to deny, strike, and sanction (dkt. 79) both are DENIED.

Entered this 27th day of April, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge