IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES JERMAINE DAVIS,

        Plaintiff,

v.

MICHAEL MEISNER, *et al.*,

        Defendants.

ORDER

15-cv-268-slc

*Pro se* plaintiff James Davis is proceeding in this case on (1) Eighth Amendment claims against prison officers at Columbia Correctional Institution related to how they handled his cell removal and medical care following a suicide attempt, and (2) a First Amendment claim against defendant Sandra Ashton related to her issuance of conduct reports. This matter is proceeding to trial on October 16, 2017. In accordance with the Trial Preparation Order (dkt. 91), Davis filed six petitions for writs of habeas corpus ad testificandum, seeking an order requiring six different inmates to appear at trial to testify about the excessive force incident and about Ashton's allegedly false and retaliatory conduct reports. Davis submitted a declaration swearing that each of them are willing to testify.

I am granting his three of his petitions without limitation, granting one for video testimony, and directing Davis to choose between two cumulative witnesses.

Davis's proposed witnesses are:

1.     **Robert Gant**, who is incarcerated at Waupun Correctional Institution. Gant is willing to testify that he overheard Ashton tell another officer that Davis was going to get his maximum release date extended because of the conduct reports she wrote him, that Ashton was going to make sure Davis was criminally charged, (dkt. 113) and that Ashton admitted to Gant that she didn't care if her acts were retaliatory (dkt. 120, Tr. at 16-17).

2. **Quenton Thompson**, who is incarcerated at the Wisconsin Secure Program Facility. Thompson is willing to testify about an incident on August 19, 2013, when he heard Ashton tell Davis that she was going to keep writing conduct reports against Davis as long as he kept filing grievances against her (dkt. 109).

3. **Curtis Daniels**, who is incarcerated at the Waupun Correctional Institution. Daniels is willing to testify about a conversation he had with Ashton in which she admitted to Daniels that she had written up Davis for sexual misconduct because of all the inmate complaints he had filed against her.(dkt. 108; dkt. 116, Tr. at 11-12).

4. **Nikko Krohn**, who is in federal custody at USP Canaan in Waymart, PA. Krohn is willing to testify that he witnessed a July 2013 incident where Ashton issued Davis a conduct report accusing Davis of trying to touch Ashton with his penis; according to Krohn, he could see that Davis did no such thing (dkt. 107).

5. **Hipolito Claudio, Jr.**, who is incarcerated at Columbia. Claudio is willing to testify about two incidents that took place on October 29, 2013, one involving Ashton's claim that Davis attempted to sexually assault her, and the second involving defendants' alleged use of excessive force (dkt. 106).

6. **Richard M. Arnold**, who is incarcerated at Columbia. Arnold states that he also is a witness to the October 29, 2013, incidents (dkt. 105) about which Claudio is willing to testify. Davis claims that Arnold had a different angle of view from Claudio.

Defendants have filed transcripts of the depositions of five of these witnesses: Robert Gant (dkt. 120), Richard Michael Arnold (dkt. 119), Hipolito Claudio, Jr. (Dkt. 118), Quenton Thompson (dkt. 117), and Curtis Daniels (dkt. 116). The transcripts show that Davis cross examined each of these witnesses about the issues he outlines in his petitions, so it appears that these transcripts contain all of the information Davis seeks to elicit at trial from these witnesses. Because Davis will be able to submit admissible portions of those depositions as evidence during trial, their testimony is not necessary to Davis's claims.

However, I recognize that their in-person testimony carries significant weight and Davis wants them in front of a jury. As such, I am granting the writs for the in-person testimony of Gant, Thompson, and Daniels, who each has different testimony to offer.

I will grant Davis's petition for *either* Claudio, *or* Arnold, but not both. Their testimony is substantively duplicative and therefore cumulative. Davis may choose which one of these witnesses he wishes to offer corroboration of his version of events to the jury, but he may not have both testify in person. Not later than October 5, 2017, Davis must notify the court which of these two witnesses he prefers to call at trial. If Davis does not submit a timely statement of his choice, then on October 6, 2017, the court will issue a writ for Arnold, simply because the petition for his testimony has a lower docket number.

I will *not* grant Davis's request for in-person testimony from Krohn. While it does not appear that Krohn's deposition has been taken, his circumstances are different from the other proposed witnesses: Krohn is a federal prisoner incarcerated at a facility in Pennsylvania. I will not impose upon the BOP the cost in time, effort and money to transport Krohn to this court for his very limited testimony. Instead, I will grant the motion insofar as the court will allow Krohn to testify telephonically from his facility if, in fact, USP Canaan has the existing capability and staffing to arrange for video testimony by Krohn during trial. The court will contact USP Canaan to discuss and arrange this. It is not clear if Krohn is housed in USP Canaan's high security penitentiary or its adjacent minimum security satellite camp, a distinction that might affect the burden imposed on BOP in arranging Krohn's video testimony. We will address that concern if it arises.

**In preparing for trial, Davis should bear in mind that the court incurs costs and spends a significant amount of time arranging for these witnesses' appearances. If Davis decides not to call any of the witnesses at trial, then he must promptly file a notice with the court of his change in plans.**

ORDER

It is ORDERED that:

(1) Plaintiff James Davis's petitions for writs of habeas corpus ad testificandum for **Curtis Daniels** (dkt. 108), **Quenton Thompson** (dkt. 109) and **Robert Gant** (dkt. 113) are **GRANTED**.

(2) Davis's petition for writs of habeas corpus ad testificandum for **Richard Arnold** (dkt. 105) and **Hipolito Claudio, Jr**. (106) are **STAYED** until October 5, 2017. Not later than October 5, 2017, Davis must report to the court which of these two witnesses he wishes to have testify in person at trial. If the court does not receive a timely report of Davis's choice, then on October 6, 2017 it will issue a writ for Arnold.

(3) Davis's petition for a writ of habeas corpus ad testificandum for **Nikko Krohn** (dkt. 107) is **GRANTED IN PART and DENIED IN PART**. The court will not order the U.S. Bureau of Prisons to produce Krohn in person for trial but will require BOP to make arrangements for Krohn to testify *via* video conference.

Entered this 26th day of September, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge