IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES JERMAINE DAVIS,

TRIAL PREPARATION ORDER

Plaintiff,

v.                                                                          15-cv-268-slc

MICHAEL MEISNER, *et al.*,

Defendants.

The court is holding the final pretrial conference this coming Monday, October 16, 2017, at 12:30 p.m., with jury selection and trial to follow at 1:00 p.m. In this order I am addressing scheduling issues, ruling on the motions in limine and attaching the court's draft void dire, jury instructions and special verdict form for discussion at the final pretrial conference.

**Trial Scheduling Issues**

The reason for the late start with jury selection on Monday is because Judge Conley is using the jury pool to pick a jury in a criminal case. That voir dire will take all morning, maybe longer. In this lawsuit, I am sensitive to the DOC's staffing and transportation concerns, which means that I am not going to make WCI bring witness Robert Gant back on Tuesday. If we are pressed for time on Monday afternoon–I do not intend to keep the jury past 5:30 p.m. at the latest on their first day–then I will require Davis to present Gant's testimony before Davis presents his own testimony, with the court explaining to the jury what we are doing and why. The parties should be prepared for this possibility.

**Plaintiff's Motions in Limine (dkt. 112)**

**1.      Plaintiff's Disciplinary History**

Davis seeks an order excluding his disciplinary history except for the conduct reports at issue in this case: CR #2211295, CR #2211367, CR #2386845, CR #2386861, CR #2412602, CR #2236750. Defendants do not object to plaintiff's motion *see* dkt. 140, but they view this as a two way street and therefore object to Davis's introduction of the additional conduct reports for other purposes. Plaintiff's motion is GRANTED in every respect, which means the court agrees with the defendants' observation.

**2.      Plaintiff's Witnesses**

Davis seeks an order excluding prison disciplinary histories of his incarcerated witnesses, Quenton Thompson, Richard Arnold, Hipolito Claudio Jr., Nikko Krohn, Curtis Daniels, and Robert Gant. Defendants object on the basis that they would like to be able to introduce evidence of their conduct report histories for impeachment purposes. I will RESERVE a final ruling for each witness pending a proffer from the defendants as to the details of any impeachment with disciplinary reports.

**3.      Plaintiff's Criminal Record**

Davis seeks an order excluding any details of his criminal record, with the exception of the fact of his conviction in Case No. 2013C3040. I have not been able to locate Case No. 2013C3040, but Davis likely meant Case No. 2013CM000763, the only criminal conviction related to this lawsuit. Defendants do not object.  The motion is GRANTED.

**4.     Plaintiff's Witnesses' Criminal Record**

Acknowledging that Rule 609 allows impeachment with the fact of a conviction, Davis seeks an order excluding details behind the criminal convictions of his incarcerated witnesses. Defendants do not object. The motion is GRANTED.

**5.     Plaintiff's Mental Health History**

Davis seeks an order excluding his mental health history from trial as unduly prejudicial. Defendants object because Davis's excessive force claim arises from an incident of self-harm that resulted in the challenged cell extraction. Defendants ask to be able to submit evidence about the circumstances surrounding the use of force. Defendants further point out that Davis is seeking to admit other evidence of his mental health. Based on what currently is in the court record, I agree with defendants that Davis's mental health history is relevant to at least one of his claims. Accordingly, Davis's motion is DENIED in principle, with the details of what information is fair game at trial to be decided at trial. The court expects both sides to proffer to the court what evidence it intends to offer before introducing it in the jury's presence.

**6.     Plaintiff's Witnesses' Mental Health History**

Davis seeks an order excluding the mental health histories of his incarcerated witnesses as unduly prejudicial. Defendants do not object. The motion is GRANTED.

**7.      Plaintiff's Prior lawsuits and Complaints about Prison Conditions**

Davis seeks an order excluding evidence of his prior lawsuits and complaints about prison conditions as unduly prejudicial. Defendants object because they would like to submit evidence of the court's order in *Davis v. Gee*, Case No. 14-cv-617-wmc, 2017 WL 2880869 (W.D. Wis. July 6, 2017), in which the court held that no reasonable jury could agree with Davis's argument that there was a conspiracy to falsify records related to his claim in that lawsuit. Specifically, defendants would like to submit this finding as evidence of Davis's propensity for truthfulness. *See* dkt. 140 at 3-4.  Federal Rule of Evidence 608(b) permits a party to inquire into "specific instances" of a witness's conduct for impeachment purposes where there is a good faith belief that the witness was not truthful. *United States v. Abair*, 746 F.3d 260, 264-65 (7th Cir. 2014).

In the *Gee* opinion that defendants wish to use, the court did not find that Davis was lying when he argued that defendants falsified his records; what Judge Conley found was that no reasonable juror could agree with Davis because he had failed to provide any evidence in support of his falsification theory beyond his and three other inmates' statements. *See Davis*, Case No. 14-cv-617-wmc, dkt. 92, at 10-11. Judge Conley found that Davis's allegations were "based on little more than speculation, which is insufficient to manufacture a genuine issue of fact at summary judgment." *Id.*  Maybe Judge Conley was sugar-coating his view that Davis was lying in order to keep his lawsuit afloat, but that would be speculation on my part. *Gee*  does not meet Rule 608(b)'s standard.  Davis's motion to exclude is GRANTED.

**8.     Plaintiff's Witnesses' Prior Lawsuits and Complaints about Prison Conditions**

Davis seeks an order excluding evidence of other lawsuits filed by his incarcerated witnesses. Defendants do not object, so the motion is GRANTED.

**9.     Evidence of Melby's Investigation of October 29, 2013, Incident**

Davis seeks an order excluding any evidence related to Melby's investigation of the October 29, 2013, incident. Defendants do not object, so the motion is GRANTED.

**10.     Evidence of Melby's Investigation of Plaintiff's Complaints Against Ashton's Conduct Reports**

For the same reasons, Davis seeks an order excluding evidence related to Melby's investigation into Davis's allegations that Ashton was filing retaliatory conduct reports. Defendants do not object, so the motion is GRANTED.

**11.     Evidence of Actions or Decision Regarding Plaintiff's Sixteen Complaints Filed Against Ashton**

Davis seeks an order excluding any actions or decisions regarding the sixteen complaints that Davis filed against Ashton. Specifically, he seeks exclusion of evidence of how DOC employees within the Inmate Complaint Review System (ICRS) concluded that his offender complaints about Ashton lacked merit.

Davis claims that such evidence is inadmissible hearsay and unduly prejudicial. Defendants respond that the evidence is not hearsay because it would be offered to show that Ashton had no motive to retaliate against him because the complaints did not adversely affect

her. Because Ashton's motivation in issuing Davis conduct reports is the key to his retaliation claim, this evidence is highly relevant. The only prejudice attendant to this is that it is favorable to Ashton's defense and unfavorable to Davis's retaliation claim. The motion is DENIED.

## 12. Incident Reports and Affidavits Related to October 29, 2013, Incident

Davis seeks an order excluding incident reports related to the October 29, 2013, incident to prevent prejudice. Defendants do not object, but ask to be able to use the incident reports to refresh witness recollection as needed. As the reports and affidavits would not be admitted into evidence, the motion is GRANTED.

## 13. Exclude Witnesses From Courtroom

Davis seeks an order excluding the defendants and their witnesses from the courtroom so they cannot hear other witness testimony. The defendants are entitled to be present for the entire trial if they choose, *see* Fed. R. Evid. 615(a) so I will not exclude any of them. Pursuant to Rule 615, Davis's request as to non-defendant witnesses is granted with this exception: Isaac Hart is simply an authentication witness rather than an event witness. The orderly presentation of testimony militates toward allowing Hart to be present in court during the trial. *See* Rule 615(c). In sum, the motion is GRANTED IN PART and DENIED IN PART.

## 14. Permit Plaintiff and Incarcerated Witnesses to Dress in Street Clothes and not be Shackled

I will permit Davis to dress in street clothes for trial, provided that he has access to them. This is Davis's responsibility alone, not the court's and not DOC's. Plaintiffs who are in custody

routinely appear at jury trials in this court in their prison uniforms; this does not create unfair prejudice because the juries are well aware of the plaintiffs' incarceration. If, however, an inmate plaintiff has access to street clothes and asks to wear them, then the court will honor that request so that the plaintiff may present himself as neutrally as possible during trial. As for Davis's incarcerated witnesses, the court will not require DOC or the U.S. BOP to clothe their inmates in civilian clothes for their testimony in this lawsuit. The jury will know they are in custody, each witness's testimony will be relatively brief, and none of them is actually a party in this lawsuit.

Regarding shackles, the court will not allow DOC to shackle Davis when he is in the presence of the jury. This court does not allow the jury to see any party or witness in visible restraints. This is a court-wide policy with which the Attorney General's Office and DOC are familiar. If DOC deems it necessary for security purposes, it may request permission that its inmates wear an electronic stun band or belt under their clothing while in the courtroom. If this is not possible and if shackles are absolutely necessary for a particular witness, then defendants' attorneys must promptly alert the court so that we can drape the witness stand accordingly.

15.    **Observation Log of March 20, 2014, and March 21, 2014**

Davis seeks an order allowing him to introduce the March 20, 2014, and March 21, 2014, observation logs. In support, he asks to testify about how, on those dates, Ashton told him that he would be criminally charged and that if he hadn't been snitching her out she never would have written false conduct reports against him.

Defendants object because the information in the log is not within the time frame of this lawsuit; regardless, the entries constitutes inadmissible hearsay. Evidence of Ashton's statements *after* she issued the conduct reports is relevant if in fact those statements reveal Ashton's state of mind at the time she issued the reports, but that's not the actual dispute here. It appears that Davis wants to submit the logs to show that Ashton signed in on those days, which could corroborate Davis's recollection of the dates. If Ashton personally signed in, then her own entries are not hearsay, *see* Fed. R. Evid. 801(d)(2). If she didn't personally sign the logs, then Davis is going to have to come up with a different theory of admissibility. This motion is RESERVED.

16. **The Michael Meisner July 17, 2013, Memorandum**

Davis seeks an order permitting him to admit a July 17, 2013, memorandum from Michael Meisner. Defendants do not object to admission of the memorandum.

Davis also wants to tell the jury that the day after this memorandum was sent out, Davis made a verbal complaint about Ashton to Lt. Morrison, who did not write the memo and who is not a defendant in this case. Davis may testify to the unadorned fact that he made a verbal complaint. That's a verbal act, not a statement. Based on what the court knows at this juncture, Davis may not testify about what he said because that's an out-of-court statement offered for its truth, but this could change.

Because this is a recurring theme in other motions in limine, both sides should understand that the court will not prohibit Davis from testifying about what he was thinking and feeling, as long as this is relevant to the claims and defendants in this case. As part of his

narrative, Davis also may testify about what he claims to have said to other people and what they said to him, so long as we all are clear on the purpose for which the jury may consider each such statement, which means that sometimes the court will provide limiting instructions that might include telling the jury that they *cannot* consider a statement for its truth, but rather for some other purpose.  It will be up to both sides to flag these issues for the court so that we can address them in a timely manner so that we can keep the trial moving at an acceptable pace. Subject to this understanding, the motion is GRANTED IN PART AND DENIED IN PART, subject to reconsideration.

**17.     Plaintiff Correspondence with the Warden and Deputy Warden**

Davis seeks an order permitting him to present evidence of his correspondence with the warden and deputy warden regarding his complaints about Ashton. As with the preceding motion, filing complaints about Ashton with the warden and deputy warden corresponded with the warden is a set of acts. Acts are not hearsay. The contents of these communications is not admissible unless the court determines that they *are* admissible under the rules of evidence. Defendants state that they don't have these communications, so they cannot respond to them; it is Davis's responsibility to provide copies of these documents to defendants attorneys ASAP and in any event, not later than the final pretrial conference.  This motion is GRANTED IN PART AND DENIED IN PART, without prejudice to reconsideration.

**18.**     **Psychiatrist Gary Maeier Report from July 25, 2013, Appointment**

Davis seeks an order permitting him to admit evidence of what he reported to psychiatrist Gary Maier with respect to the events leading up to Ashton issuing Davis CR #2211295. This evidence constitutes hearsay and Davis has not explained the basis for the court to admit it, or why it is relevant evidence in this case against these defendants on these claims. The motion is DENIED without prejudice to reconsideration.

**19.**     **Dr. Buhr Placement/Review document from October 31, 2013**

Davis seeks an order permitting him to admit evidence of what he reported to Dr. Buhr and how Dr. Buhr documented his concerns. It appears that some or all of the evidence Davis would like to admit with respect to his interaction with Dr. Buhr is hearsay, but as with the previous motion, I am willing to discuss this issue outside the jury's presence to get a better sense of why it is relevant and whether it should be admitted. The motion is DENIED without prejudice to reconsideration.

**20.**     **Plaintiff's July 19, 2013, Transfer Request submitted to Security Director Weber**

Davis seeks an order permitting him to admit evidence of his July 19, 2013, transfer request that he submitted after Ashton filed her first conduct report (CR #2211295) against him. Defendants object because the correspondence is hearsay, Weber is not a defendant in this lawsuit, and Davis did not provide defendants with copies of any correspondence with Weber. Davis has not argued that any hearsay exception applies, and it is not readily apparent that one applies. The fact that Davis filed a transfer request is admissible. The content of the request

is not admissible, at least not for the truth of the matters asserted in it. This motion is GRANTED IN PART AND DENIED IN PART, without prejudice to reconsideration.

**21.    Plaintiff's July 31, 2013, Transfer Request submitted to Melby**

Davis seeks an order permitting him to admit evidence of his July 31, 2013, transfer request. Defendants object, again, on the basis that the correspondence is hearsay, Melby is not a defendant, and Davis has not provided defendants with copies of the correspondence. As just discussed in #20, this motion is GRANTED IN PART AND DENIED IN PART, without prejudice to reconsideration.

**22.    Conduct Report #2211294 and Questions and Answers from Morrison and Ashton**

Davis seeks an order admitting evidence related to Conduct Report #2211294 because he claims that he complained about Ashton to Morrison during his defense. However, this conduct report is not one of the conduct reports that Davis claims is retaliatory, and he has already requested exclusion of other conduct reports from the evidence. The motion is DENIED.

**Plaintiff's Motion Regarding Richard Arnold Deposition Transcript (dkt. 134)**

Davis seeks an order admitting the deposition transcript of Richard Arnold. Defendants have not opposed the motion, so it is GRANTED.

**Plaintiff's Addendum Motion in Limine (dkt. 124)**

1.    **Exclude Morrison Investigation of Request for Special Placement Related to Ashton**

Davis seeks to exclude Morrison's investigation of Davis's request for separation from Ashton.   Defendants respond that they do not intend to offer this evidence. However, defendants warn that if Davis opens the door with his own evidence or his questions to the defendants, then they will seek to provide testimony about the no-contact order issued in Columbia County Case No. 2013CM000763, which was the basis for the special placement between Ashton and Davis. The motion GRANTED, subject to reconsideration based on what happens at trial.

2.    **Plaintiff Testimony at Disciplinary Hearing of Inmate Herman Brown that Ashton Witnessed.**

Davis seeks to introduce his own testimony about an incident that he witnessed between Ashton and another inmate, Herman Brown. Davis claims that he testified at Brown's disciplinary hearing about the incident, and that during his testimony he complained about Ashton, and that Ashton was present. Davis would like to use this evidence to impeach Ashton because she claims that she does not know about his complaints.

The fact that Ashton may have heard Davis's complaints about her might be admissible, but it depends on when this happened.  If it occurred *after* Ashton issued Davis the conduct reports, then it is irrelevant. Further, depending on what Ashton might say when she testifies at trial, this may be cumulative.  Absent more information about who knew what and when they

knew it, I am not inclined to allow in testimony offered at another inmate's disciplinary hearing.

The motion is DENIED without prejudice to reconsideration.

**Defendants' Motions in Limine (dkt. 125)**

Davis has not specifically objected to defendants' motions in limine, but I will address

each of them separately for the sake of clarity heading into trial.

**1.      Offender Complaints and Conduct Reports**

Defendants seek an order excluding evidence that offender complaints (***other than*** CCI

#13307, CCI #14276, CCI #14904, CCI# 15809, CCI# 17167, CCI# 17254, CCI #18363,

CCI #19879) resulted in retaliatory action. Conversely, they seek an order excluding evidence

that conduct reports (other than CR #2211295, CR #2386845, CR #2386861, CR #2412602,

CR #2236750), were issued in retaliation. Davis has not objected, so the motion is GRANTED.

**2.      Plaintiff's Previous Convictions**

Defendants seek an order related to Davis's criminal convictions from Columbia County

Case 2013CM000763, in which Davis was convicted of Lewd, Lascivious Behavior-Exposure,

in violation of Wis. Stat. § 944.20(1)(b), based on his behavior against Ashton on August 17,

2013; and Disorderly Conduct, in violation of Wis. Stat. § 947.01(1), based on his behavior

against Ashton on June 23, 2013. Defendants explain that in 2013CM000763, Davis had been

charged in a six-count criminal complaint. (*See* dkt. 69-10) Davis pled no contest to Counts 1

and 5, which respectively charged him with Lewd, Lascivious Behavior-Exposure related to the

August 17, incident; and Disorderly Conduct related to the June 23 incident. The August 17,

2013, incident resulted in CR #2211367, which is one of the conduct reports that Davis claims

Ashton issued with a retaliatory motive. Therefore, they argue that Davis cannot challenge CR

#2211367 by claiming that Ashton was lying or claiming that he never exposed himself to her because that would undermine the validity of his conviction.

Defendants ask the court to take four specific actions: (1) permit them to introduce evidence of Davis's conviction; (2) instruct the jury that they must accept as true that Ashton was the victim of Davis's conduct on June 23 and August 17, 2013; (3) prevent Davis or any witness from arguing that he did not engage in conduct against Ashton on June 23 or August 17, 2013; and (4) permit defendants to read the paragraphs of the criminal complaint in 2013CM000763 related to Davis's conduct on June 23 and August 17, 2013. Defendants are entitled to some of this relief, but not necessarily all of it.

Pursuant to *Heck v. Humphry*, Davis cannot recover damages under § 1983 for an allegedly unlawful conviction without proving "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486-87 (1994). "By pleading no contest, a defendant impliedly admits all allegations in the indictment. In this way, a no contest plea is indistinguishable from a guilty plea, in that it forecloses any opportunity to contest any alleged antecedent constitutional deprivation." *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). Here, however, Davis does not deny that he pled no contest with respect to these convictions, and he has not submitted any evidence suggesting that his convictions have been overturned or questioned in any manner. If he starts down this path at trial, then the court will remedy any factual or legal error that Davis might present to the jury.

Apart from this, these incidents and Davis's plea are fair game at trial for both sides, up to a point. If Davis wants to claim that the conduct report was issued for retaliatory purposes but he does not contest the factual bases of the report, that's not forbidden by *Heck.* Going in the other direction, defendants are free to cross-examine Davis with his sworn factual admissions regarding CR #2211367 to impeach his credibility if he denies the factual basis for the other, similar conduct reports that Ashton tagged him with. Whether defendants may admit the fact of Davis's conviction requires further consideration. The convictions are misdemeanors, so Fed. R. Evid. 609 does not automatically allow the actual convictions into evidence. Is this a Rule 403 or 404(b) question? The parties should be prepared to amplify their positions at the final pretrial conference. For now, the motion is GRANTED IN PART AND DENIED IN PART without prejudice to further consideration.

### 3.    State Law Claim Against Nurse Philip Kerch

Defendants seek an order excluding Davis from submitting evidence in support of a negligence claim against Kerch because Davis did not submit a notice of claim as to this defendant, as required by Wis. Stat. § 893.82. An exception to the notice of claim requirement would be a medical malpractice claim, Wis. Stat. § 893.82(5m). However, Kerch is a nurse, and Wisconsin law does not permit a plaintiff to sue a nurse employed by the state for medical malpractice. *Patients Comp. Fund v. Luterhan Hosp. - La Crosse, Inc.*, 216 Wis. 2d 49, 573 N.W.2d 572, 575 (Ct. App. 1997). Accordingly, the motion is GRANTED. Davis may not pursue a state law negligence claim against Kerch.

4.      **Wisconsin Department of Corrections Lawsuits**

Defendants seek an order excluding any argument, questions, testimony, or evidence related to lawsuits, complaints, or newspaper articles related or referring to the Wisconsin Department of Corrections or to these defendants personally.  I agree that such evidence is inadmissible on a number of bases: it probably would be hearsay, it would be improper propensity evidence under F.R. Ev. 404(b)(1), and any arguable relevance would be substantially outweighed by unfair prejudice to defendants, confusion of the issues and misleading the jury, pursuant to Rule 403.  The motion is GRANTED.


5.      **Evidence Related to Physical Injury**

Defendants seek an order excluding argument, questions, testimony, or evidence regarding the causation of any physical injury, permanence, future care and treatment or future pain and suffering. It's not clear that Davis intends to offer any such evidence other than perhaps before/after testimony.  Anything beyond that be improper under governing state law: in Wisconsin, a damages award for a permanent or future injury must be supported by  the opinion of a medical expert based upon a medical certainty or probability. *Ballard v. Lumbermens Mut. Cas. Co.*, 148 N.W.2d 65, 70, 33 Wis. 2d 601 (1967). The same is true as to evidence about future pain and suffering. *Casimere v. Herman*, 28 Wis. 2d 437, 440, 137 N.W.2d 73 (1965). The motion is GRANTED.

**6.    Damages for Retaliation Claim**

Defendants seek an order limiting Davis's damages recovery for his retaliation claim to $1 because he has not alleged any physical injury resulting from Ashton's allegedly retaliatory conduct reports. Under 42 U.S.C. § 1997e(e), if a prisoner suffers no physical injury, compensatory damages are limited to nominal damages of one dollar. The motion is GRANTED.

**7.    Defendants' objection to Davis's Pretrial Disclosures**

Finally, while not a filed as a separate motion, defendants object that Davis failed to file a witness and exhibit list as required under the Pretrial Conference Order and Federal Rule of Civil Procedure 26. Indeed, the deadline for Davis to file his witness and exhibit list was September 22, 2017. (Order, dkt. 98, at 1.) Therefore, defendants object to Davis calling any witnesses other than the witnesses for whom the court issued writs, or introducing any exhibits beyond those included in defendants' exhibit list and identified in Davis's motion in limine. I agree that this is fair: Davis has been representing himself ably and did not seek an extension on the deadline to file Rule 26 disclosures.  If Davis wants to call any of the defendants in his own case, I will not forbid it, but hewing to this court's standard policy, I would allow defendants' attorneys to ask all of their questions at that time if they wished so that these defendants would only have to testify once.

Accordingly, absent a showing of good cause, I will sustain defendants' objection to any witnesses or exhibit Davis seeks to admit that have not previously been disclosed through his writs and motions in limine.

ORDER

IT IS ORDERED that:

(1) Defendants' Motions in Limine (dkt. 125) are GRANTED, in part and DENIED without prejudice in part, as set forth above.

(2) Plaintiff James Davis's Motions in Limine (dkts. 112, 124, 134) are GRANTED in part and DENIED in part as set forth above.

Entered this 12th day of October, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge