IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES JERMAINE DAVIS,

        Plaintiff,

v.

MICHAEL MEISNER, *et al.*,

        Defendants.

OPINION & ORDER

15-cv-268-slc

---

From October 16-18 of 2017, this court held a jury trial on plaintiff James Davis's First and Eighth Amendment claims in this civil lawsuit. Prior to this, the court had concluded that Davis was capable of representing himself at trial, so Davis proceeded *pro se* on his claims that (1) defendant Sandra Ashton retaliated against Davis by issuing him false conduct reports accusing him of sexual harassment and assault because he filed grievances against her; (2) defendants Ashton, Ronald Swenson, Tracy Kopfhamer, and Michael Rataczak used excessive force during an October 29, 2013, cell extraction following Davis's suicide attempt; (3) defendants Theodore Anderson, Kevin Pitzen, and Randy Schneider failed to intervene to stop this use of excessive force during that incident; and (4) defendant Philip Kerch was deliberately indifferent to Davis's injuries following the cell extraction. The jury returned verdicts of no liability on all claims.

Davis then filed a renewed motion for judgment as a matter of law or a new trial. (Dkt. 163.) I am denying this motion because Davis has not met the heavy burden of establishing that the verdicts lacked basis or constituted a miscarriage of justice warranting either judgment in his favor or a new trial.

OPINION

Davis offers three arguments in support of his motion: (1) judgment as a matter of law is appropriate under Federal Rule of Civil Procedure 50 because the jury lacked a legally sufficient evidentiary basis to find that defendants did not use excessive force, did not fail to intervene, and did not act with deliberate indifference to his medical needs after the October 29, 2013, incident; (2) a new trial is appropriate under Federal Rule of Civil Procedure 59(a) because the verdict was against the manifest weight of the evidence; and (3) the court abused its discretion in denying Davis's request for recruitment of counsel. I will address these arguments in turn:

I. Motion for judgment as a matter of law

F.R. Civ. Pro. 50(a)(1) provides:

If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may ... (B) grant a motion for judgment as a mater of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

Rule 50(a)(2) required Davis to make this motion before the case was submitted to the jury; Rule 50(b) allows him to renew this motion after a jury verdict against him. Defendants argue that Davis didn't actually move for a judgment as a matter of law; instead he merely moved to "change the verdict" *after* the jury reached its verdict. While Davis responds that he *did* move for judgment as to his excessive force claim against Rataczak, his failure to protect claim against Schneider, and his deliberate indifference claim against Kerch, this assertion is not supported by the record. That alone would be a basis to deny Davis's post-trial motion, but

2

Davis would lose on the merits in any even because the jury had sufficient evidence to conclude that Davis failed to meet his burden on each of his claims.

Davis's motion is based on his belief that the jury's credibility determinations were wrong. Courts considering motions under Rule 50 do not make credibility determinations or weigh the evidence. *See Waite v. Board of Trustees of Ill. Comm. College Dist. No. 508*, 408 F.3d 339, 343 (7th Cir. 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51, 120 S. Ct. 2097 (2000)). In support of his position, Davis recounts his own testimony as well as that of Hipolito Claudio Jr., Nikko Krohn, Robert Gant, and Curtis Daniels, pointing out that each of these witnesses' supported his contentions that he was the victim of excessive force on October 29, 2013, and that he did not actually try to sexually assault Ashton. Davis is correct that his witnesses corroborated his version of events, but this does not get him around the fact that the defendants' witnesses provided a different version of events. Davis argues that the jury should have either discounted the defense witnesses' testimony or construed their testimony in a way that supported Davis's claims. This is Davis's gloss of the adverse characterizes their testimony:

- David Melby's testimony about the investigation into Ashton's allegations that Davis sexually assaulted her was evasive;

- Kevin Pitzen testified that he wasn't present for the October 29, 2013, incident because he was supervising another matter;

- Sandra Ashton was repeatedly impeached with prior inconsistent testimony about the incidents (and indeed, Ashton could not remember all of the details of her interactions with Davis and contradicted her own affidavit at times);

- Theodore Anderson was contradictory and evasive and testified that he did not know why he did not write that Davis was resisting during the October 29 cell extractions;

3

- Ronald Swensen's testimony that Davis tensed his body and refused to walk contradicted his statement in an incident report, as did his testimony that he did not bend back Davis's hand;

- Michael Rataczak testified that he did not remember Davis resisting;

- Tracy Kopflhamer testified that Davis was unconscious and did not resist;

- Randy Schneider testified inconsistently about whether there was video footage of inmates kicking at the doors and, and he also testified that he did not see Davis resisting during the October 29 incident; and

- Kerch was evasive in his testimony about his medical treatment following the October 29 incident.

Each of these points bears on witness credibility. Davis cannot win a Rule 50 motion by arguing that the jury should have believed his witnesses and disbelieved the defendants' witnesses.

Davis's arguments related to the excessive force claim fare no better. Davis focuses on the inconsistencies between some of the defendants' testimony about whether they witnessed Davis resisting, and the fact that they did not write that he was resisting in the incident report. On the other hand, defendants Ashton, Anderson, Swensen, and Kopfhamer each testified that Davis tensed up and stopped complying with directives, which required them to use force to secure and transport him. Therefore, there was sufficient evidence to support the jury's conclusion that the force used on Davis was not unreasonable. There is no basis for the court to grant Davis's motion for judgment as a matter of law.

## II. Motion for a new trial

Under Rule 59(a), the court may grant a motion for a new trial "if the verdict is against the clear weight of the evidence or the trial was unfair to the moving party." *Clarett v. Roberts*, 657 F.3d 664, 674 (7th Cir. 2011). "A new trial should be granted only when the record shows

that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the] conscience." *Davis v. Wis. Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (internal quotation marks omitted). As with a Rule 50 motion, "the court does not make credibility determinations or weigh the evidence." *Whitehead v. Bond*, 680 F.3d 919, 925 (7th Cir. 2012).

In this case, the jury's verdict hinged on the jury's determination as to which of the two competing sets of testimony was more credible. That's the main point of a jury trial, and the loser cannot overturn an adverse verdict by pointing out that he would have won if only the jury had believed his witnesses instead of his opponents'. Davis has not persuaded me that the jury's verdict constitutes a miscarriage of justice that requires a new trial.

### III. Denial of request for recruitment of counsel

Finally, I am not persuaded that Davis needed the assistance of counsel at trial. Prior to trial, I declined to find a volunteer attorney for Davis several times, concluding at each point that Davis's filings demonstrated that he was understood the legal and factual issues and that he was capable of proceeding to trial pro se. Davis proved up to the task at trial. His opening statement and closing argument were tied to the relevant legal and factual issues. His direct and cross examinations followed organized and pre-planned lines of questioning. When necessary, the court interceded, both in and out of the presence of the jury, to keep Davis's presentation moving smoothly and to keep the playing field level. During trial, I to guided Davis through each phase and took time to answer his questions as often as I deemed appropriate. Davis was receptive to the court's input and was able to make an above-average presentation to the jury. At times I cut

off Davis from interrupting, or from pursuing an objection, but I would have done the same thing to an over-zealous attorney.

Additionally, the assistant attorney general assisted Davis as needed, allowing him to borrow exhibits that he had misplaced and helping Davis navigate the court's evidence presentation system when he was using exhibits to cross-examine defendants' witnesses.

In sum, the legal and factual complexity of Davis's claims did not exceed his ability to litigate these claims at trial.

ORDER

IT IS ORDERED that plaintiff's renewed motion for judgment as a matter of law (dkt. 163) is DENIED.

Entered this 20th day of July, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge